IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 4:18-CR-00012

JAVONTAY JACQUIS HOLLAND

## MOTION IN OPPOSITION TO THE GOVERNMENT'S EMERGENCY MOTION TO LIMIT DISCOVERY AND DISCLOSURE

Defendant Javontay Jacquis Holland opposes the Government's Emergency Motion. Mr. Holland adopts co-defendants' response to the issue of providing discovery material to defendants at penal facilities and directly responds to the government's attempt to impede defense investigative efforts below:[1]

Pragmatically, the government seeks to prevent the utterance of any witness name outside the confines of the defense team. This draconian prohibition eviscerates any meaningful factual investigation by the defense. It is impossible to effectively interview anyone without putting the question in context, such as "X said you were at the house" or "Y said you sold drugs to him." Even if defense counsel merely mentioned a government witness' name in an interview setting without making any reference to that person's status as a government witness or the fact he/she testified in Grand Jury (*e.g.* "what do you know about X's drug dealing activities with the Millas?"), the interviewee would probably figure it out and a "creative" prosecutor would see it as an improper disclosure.

In support of its attempt to hamper the defense, the government cites a recent killing of Dwight Harris who is allegedly related to this case, claiming this event has led to an investigation into the murder of a federal witness. What the government has not said is that it has any proof the

---

[1] Mr. Holland does not challenge the Court's power to restrict discovery or prevent the disclosure of witness names in the most dire of circumstances. The scenerio in this case does not rise to the level.

GENTRY LOCKE Attorneys
ROANOKE, VIRGINIA

26645/1/8660471v1

killing is related to any of the defendants for retaliatory purposes, much less any evidence that Mr. Holland was somehow involved.[2] From the only evidence provided to the defense, it appears Harris was one of the "Philly Boys" who was involved in drug dealing activities in the Danville area. In June 2016, Harris and a drug associate came to Danville armed to retrieve recently purloined drugs. A shootout ensued between the Philly Boys and local residents, resulting in two people being wounded. Harris was engaged in a high risk occupation where shootings are not uncommon and, based on the evidence before the Court, his recent death probably has nothing to do with witness retaliation.[3]

It is improper to handcuff a defendant's investigative efforts to build a defense on mere speculation unsupported by any facts. Accordingly, defendant moves the Court to deny the government's Motion.

s/ Thomas J. Bondurant, Jr.<br>By Counsel

Thomas J. Bondurant, Jr.
Gentry Locke LLP
10 Franklin Road, SE
Post Office Box 40013
Roanoke, Virginia 24022
Tele: (540) 983-9389
Fax: (540) 983-9400
bondurant@gentrylocke.com
Virginia State Bar #18894
District of Columbia Bar #995991

Jacqueline M. Reiner
Jacqueline M. Reiner PLLC
5600 Grove Avenue
Richmond, Virginia 23226
Tele: (804) 285-3888
Fax: (804) 285-7779
reiner@reinerlawfirm.com
Virginia State Bar #41829

---

[2] Mr. Holland has been incarcerated for several months and there is no evidence he has contacted anyone with the motivation of engaging in witness intimidation.

[3] It should also be noted the government did not raise this issue until invited to do so by the Court. If the problem is as severe as the prosecution indicates, it is logical the matter would have been raised prior to Discovery Production #5.

2
26645/1/8660471v1

Case 4:18-cr-00012-MFU-RSB   Document 208   Filed 12/06/18   Page 2 of 3   Pageid#: 710

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record, on this 6th day of December, 2018.

s/ Thomas J. Bondurant, Jr.