IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| | ) | Case No. 4:18-cr-00012 | |
| | ) | | |
| v. | ) | | |
| | ) | | |
| DESHAWN ANTHONY, et al., | ) | | |
| | ) | By: | Michael F. Urbanski |
| Defendants. | ) | | United States District Judge |

## ORDER

This matter comes before the court on the government's "Emergency Motion for Discovery Limitations for Witness Safety." ECF No. 202. The government seeks an order (1) limiting the disclosure of witness names and identifying information outside of the defense teams, and (2) prohibiting counsel from leaving discovery material at detention facilities or providing copies to anyone outside the defense team.

The government's first request is overbroad and unworkable. It is overbroad in two respects. First, the proposal concerns all witnesses rather than confidential informants or others as to whom there may be evidence of some danger. Second, the government seeks to apply this restriction to all defendants in the case without any particularized showing that they have engaged in any sort of witness tampering or obstructive behavior. The court is not aware of case law supporting such a sweeping restriction on defense investigative efforts without a more particularized evidentiary foundation.

The court appreciates the danger the government seeks to address. However, the remedy sought by the government goes too far and would operate to preclude defense

counsel and its investigators from engaging in legitimate discovery and investigation. As such, the court is willing to consider a more narrowly tailored protective order provided it is reasonably limited in scope, supported by evidence, and entered following a hearing. For example, if the government has concerns about specific witnesses or specific defendants, it should seek an appropriate protective order.

With respect to the government's second request, there has been no showing of any problems with or violations of the procedures set forth in the June 11, 2018 order allowing counsel to leave discovery material at the jails in a secure location. Absent some showing that there has been a violation of these protocols, the government's request that defendants' not have secure access to the discovery materials at local jails is not well taken.

Accordingly, the government's motion, as framed, is **DENIED.** Nevertheless, the government may file a more narrowly tailored and appropriately supported motion for a protective order on or before December 12, 2018.

In balancing the interests of the safety of witnesses and the rights of defendants to investigate this case, the court temporarily extends the Oral Order of December 4, 2018 until December 12, 2018. The December 4, 2018 Oral Order stated:

> Until further Order of the court, it is **ORDERED** that defendants, their counsel, and other members of the defense team may not share information regarding the identity of witnesses contained in Production 5 with any person outside the defense team, defined to include the defendant, defense counsel, investigators, paralegals, and support staff. Also, until further Order of the court, the court Orders defense counsel not to leave Production 5 at the local jails.

If no additional motion is filed by the government by December 12, 2018, the December 4, 2018 Oral Order will be lifted by further Order of the court.

It is so **ORDERED**.

Entered: 12-07-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge